FILED
10/15/2026
MEN
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AO 91 (Rev. 11/11) Criminal Complaint | AUSA Kevin Glomski (312) 438-6277

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MALACHI STANCIEL

CASE NUMBER: 26 CR 536

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about October 7, 2026, in the Northern District of Illinois, Eastern Division, and elsewhere, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 2252A(a)(2)(A) | knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, and which image had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer. |

This criminal complaint is based upon these facts:

_X_ Continued on the attached sheet.

Kinsey Russell
KINSEY RUSSELL
Special Agent, Federal Bureau of Investigation (FBI)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: October 15, 2026

*Judge's signature*

City and state: Chicago, Illinois

KERI HOLLEB HOTALING,
U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

**AFFIDAVIT**

I, KINSEY RUSSELL, being duly sworn, state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI). I have been so employed since approximately August 2020.

2. As part of my duties as an FBI Special Agent, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal distribution, receipt, and possession of child pornography, in violation of Title 18, United States Code, Sections 2251(a), 2252 and 2252A. I have received training in the area of child pornography and child exploitation, and have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in multiple forms of media, including computer media. I also have participated in the execution of multiple federal search warrants, many of which have involved child exploitation and/or child pornography offenses.

3. This affidavit is submitted in support of a criminal complaint alleging that MALACHI STANCIEL has violated Title 18, United States Code, Section 2252A(a)(2)(A). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging STANCIEL with distribution of child pornography, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are

necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

4. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents, information from persons with knowledge regarding relevant facts, my own observations and actions, my experience and training, the experience of other agents, witness interviews, records obtained during the course of the investigation, and information obtained from the execution of court-ordered search warrants.

## I. FACTS SUPPORTING PROBABLE CAUSE

### A. Summary of Probable Cause

5. In summary, and as set forth more fully below, in approximately October 2026, an individual who, based on law enforcement's investigation, FBI identified as MALACHI STANCIEL, used a Telegram Account (the "Subject Account") to correspond with an individual who, unbeknownst to STANCIEL, was an FBI agent ("OCE-1") posing as a Telegram user. According to the preserved conversation between STANCIEL and OCE-1, in summary, STANCIEL stated he was selling CSAM and would provide twenty CSAM videos in exchange for $20. On or about October 7, 2026, at STANCIEL's direction, OCE-1 utilized the electronic payment application CashApp to send $20 electronically to a CashApp account with username "KINGMalachi Stanciel."

6. After receiving payment, STANCIEL utilized Telegram to send eleven videos containing CSAM to OCE-1. STANCIEL represented to OCE-1 that some of the videos depicted STANCIEL's cousins.

7. On October 14, 2026, law enforcement executed a search warrant at STANCIEL's residence.[1] During execution of the search warrant, law enforcement took possession of STANCIEL's cell phone and, upon a manual search, located instances of media depicting CSAM in the Telegram and Photos applications on the cell phone. In addition, STANCIEL admitted that he sent the videos containing CSAM via Telegram to OCE-1.

**B. Telegram Messenger**

8. Telegram Messenger ("Telegram") is an application-based communication service. According to Telegram, users with a WiFi or cellular connection can send messages, photos, videos and files of any type (doc, zip, mp3, etc), as well as create groups for up to 200,000 people or channels for broadcasting to unlimited audiences. Users can write messages to phone contacts and find people by their usernames. As a result, Telegram is like SMS and email combined. Telegram can also support end-to-end encrypted voice and video calls, group calls up to 200 participants, and voice chats in groups that members can join whenever they want.

---

[1] On October 14, 2026, the Honorable Keri L. Holleb Hotaling issued search warrants for (1) 1808 Windette Drive, Montgomery, Illinois (the "Montgomery Residence") and (2) STANCIEL's person, authorizing the search of the same for evidence, instrumentalities, and contraband concerning violations of Title 18, United States Code, Sections 2251(a), 2252, and 2252A. *See* 26 M 608 and 26 M 609.

9. After setting up a Telegram account, the user can then post and share photographs and videos with other users on the platform. The user can also send private messages, photographs, and videos directly to another user. Because Telegram functions as a cloud service that stores messages, photos, videos, documents, and other files, users can access their data from any of their devices at any time without having to rely solely on local device or third-party backup storage. For this reason, a Telegram user's content stored within the application, including stored messages, photos, and videos, may not be available within the specific application on an electronic device.

**C. Messages Between the Subject Account and OCE-1**

10. On or around August 28, 2026, in the course of a law enforcement investigation, the owner of a Telegram Account associated with child exploitation authorized the FBI to take over their account, in which FBI operates the account, acting as the original account holder.

11. Upon taking over the account, OCE-1 observed prior messages between the account and the Subject Account, using username "chosen," during which the Subject Account sent videos of pre-pubescent males kissing along with a male of undetermined age performing oral sex on another male. Prior to OCE-1 interacting with the Subject Account, on or about August 21, 2026, the Subject Account had sent messages to the account that FBI took over stating "I got some vids with my cousin" followed by "Lmk if u wanan buy." According to OCE-1, upon clicking the profile for

"chosen," the biography for the profile included a message stating, "Selling video hmu for the price Cash App of or Zelle."

12. On or about October 1, 2026, OCE-1 initiated conversation with the Subject Account. As described further below, the user of the Subject Account offered and ultimately sent various videos depicting CSAM that he described as depicting his cousin. Among other messages, the Subject Account and OCE-1 exchanged the following messages:












13. Shortly after sending the messages depicted above, the user of the Subject Account sent eight videos depicting CSAM to OCE-1. Two of the videos received are described below:

a. Video 4 was sent to OCE-1 at approximately 3:39 PM on October 7, 2026. This video was approximately 35 seconds long depicting a pre-pubescent minor female who is fully clothed; also in the frame is a penis belonging to a black adult male. The minor female is observed grabbing the adult male penis. The adult male inserts his penis into the pre-pubescent female's mouth multiple times, while holding her head. The male is also observed holding what appears to be the candy

"smarties" in his hand. Only one of the adult male's hands is visible, no tattoos were observed.

b. Video 8 was sent to OCE-1 at approximately 3:39 PM on October 7, 2026. This video is approximately 1 minute at 4 seconds long and depicts an adult black male anally penetrating a pre-pubescent black male's anus with his penis. The skin tone of the adult male in the video is consistent with the skin tone of the adult male depicted in Video 4. A small circular tattoo was observed on the adult male's hand between the thumb and index finger. The minor male was observed wearing a blue shirt and is nude from the waist down laying on what appears to be a bed with a white sheet.

14. Shortly after sending the eight videos, the user of the Subject Account continued corresponding with OCE-1 on Telegram:






15. Shortly after the messages depicted above, the user of the Subject Account sent three additional videos depicting CSAM. One of the videos received is described below:

a. Video 11 was sent to OCE-1 at approximately 7:59 PM on October 7, 2026. This video is approximately 21 seconds in length and depicts a pre-pubescent female lying on her back on the floor with her pants pulled to her knees exposing her vagina and anus to the camera. Within the video, an adult black male digitally penetrates the pre-pubescent female. Additionally, the adult male performs oral sex on the pre-pubescent female. Only one of the adult male's hands is visible, no tattoos were observed. The skin tone of the adult male in the video is consistent with the skin tone of the adult male observed in Video 4 and Video 8.

16. All of the CSAM videos[2] that OCE-1 received from the user of the Subject Account depicted an adult black male. The skin tones of the adult black male appeared consistent among all the videos.

**D. Law Enforcement Identifies Stanciel as the User of the Subject Account and Residence at the Montgomery Residence**

17. As depicted in the messages between the Subject Account and OCE-1 above, the user of the Subject Account directed OCE-1 to provide a CashApp username from which the user of the Subject Account could request payment for the CSAM videos.

[2] Law enforcement sent the videos received to the National Center for Missing and Exploited Children for review to determine if any additional information could be uncovered. Law enforcement is currently awaiting a response.

18. More specifically, on or about October 7, 2026, at approximately 3:33 p.m., after OCE-1 had provided a CashApp username, the user of the Subject Account sent messages stating, "No I request it" and "Tell him to send it."

19. According to OCE-1, the CashApp username that OCE-1 provided to the user of the Subject Account was a CashApp account controlled by FBI. At approximately 3:32 PM on October 7, 2026, the CashApp account controlled by FBI received a request for $20 from a CashApp account with username "KINGMalachi Stanciel." According to OCE-1, OCE-1 completed the payment to the CashApp Account with username "KINGMalachi Stanciel" at approximately 3:33 PM. As depicted in the messages between the Subject Account and OCE-1 above, at approximately 3:35 p.m., the user of the Subject Account confirmed receipt of the payment and began to send videos depicting CSAM to OCE-1.

20. According to records provided by CashApp on or around October 13, 2026, information associated with the CashApp account with username "KINGMalachi Stanciel," to which OCE-1 sent payment before receiving CSAM videos at the direction of the user of the Subject Account, reflected a name of MALACHI STANCIEL, date of birth June 3, 2007, email address bigsexdaddystanceim@gmail.com ("Subject Email Address"), phone number 630-XXX-9935 ("Subject Phone Number"), and a listed address of the Montgomery Residence.

21. According to the Illinois Secretary of State, MALACHI STANCIEL was issued a driver's license in the state of Illinois on or about February 20, 2024.

STANCIEL's driver's license lists STANCIEL's date of birth as June 3, 2007, and lists the Montgomery Residence as his address. STANCIEL was listed as a black male on the issued driver's license. In reviewing the photo of STANCIEL depicted on the issued driver's license, your affiant determined that the skin tone of STANCIEL was consistent with the skin tone of the black male adult depicted in the CSAM videos described above.

22. Law enforcement conducted surveillance of the Montgomery Residence on or about October 13, 2026. According to surveilling officers in possession of STANCIEL's Illinois driver's license photograph, STANCIEL was observed exiting the residence and entering a vehicle parked on the street near the residence, namely, a gold Mitsubishi with Illinois License Plate FN89676. According to Illinois Secretary of State records, this vehicle was registered to Individual B, residing at the Montgomery Residence. According to open-source queries, Individual B is the mother of MALACHI STANCIEL.

23. According to Google returns, an IP address ending in d:7933 was utilized by the Subject Email Address on October 7, 2026, at approximately 5:04 PM CDT.

24. According to Comcast returns, the IP address ending in d:7933 returned to Individual A, with a service location of the Montgomery Residence. According to open-source queries, Individual A is the father of MALACHI STANCIEL.

25. According to T-Mobile Returns, the Subject Phone Number returned to Individual A, STANCIEL's father, and the subscriber address associated with the phone number returned to the Montgomery Residence.

26. According to Google returns, an IP address ending in 252.252 was utilized by the Subject Email Address on October 7, 2026, at approximately 1:13 PM CDT. Based on open-source research, the IP address ending in 252.252 is currently associated with College A.

27. According to the campus police commander for College A, STANCIEL attended College A up through the week of October 5, 2026, and continues to take online classes with College A. This law enforcement officer additionally confirmed STANCIEL's records with College A reflect STANCIEL's residence at the Montgomery Residence and use of the Subject Phone Number.

**E. Law Enforcement Executes Search Warrants on the Montgomery Residence and Stanciel**

28. On or about October 14, 2026, the Honorable Keri L. Holleb Hotaling issued search warrants for (1) the Montgomery Residence and (2) STANCIEL's person, authorizing the search of the same for evidence, instrumentalities, fruits, and contraband concerning violations of Title 18, United States Code, Sections 2251, 2252, and 2252A. *See* 26 M 608 and 26 M 609.

29. On or about October 14, 2026, law enforcement executed the search warrants. STANCIEL was present during the execution of the search warrant for the Montgomery Residence.

30. During execution of the search warrant for the Montgomery Residence, law enforcement located STANCIEL's cell phone. STANCIEL provided his passcode to law enforcement, allowing them to manually inspect its contents. The manual search revealed the following:

a. The cell phone's Photos application contained media depicting CSAM, including certain videos STANCIEL had previously sent to OCE-1.

b. The Telegram application was installed on the cell phone and contained media depicting CSAM, including certain videos STANCIEL had previously sent to OCE-1. The Telegram application further contained the full message thread between OCE-1 and STANCIEL as described in part above.

31. During execution of the search warrant for the Montgomery Residence, STANCIEL agreed to speak with law enforcement after being *Mirandized*. This interview was recorded. During this interview, STANCIEL made the following statements, in summary and not verbatim:

a. After law enforcement showed STANCIEL messages from his interactions with OCE-1, STANCIEL admitted to using the Subject Account to send the videos to OCE-1. STANCIEL denied knowing what was contained in those videos.

b. Law enforcement showed STANCIEL still images from certain of the videos he sent to OCE-1, and STANCIEL approximated the ages of certain minors in those videos as (1) under one year old and (2) between two and four years old.

c. STANCIEL admitted that he had been sent CSAM via Snapchat. He denied viewing the CSAM, but informed law enforcement the CSAM contained individuals of various races.

d. STANCIEL admitted to using Telegram and being in Telegram groups that share videos, including the CSAM videos he sent to OCE-1.

e. STANCIEL provided law enforcement with his phone number, which matched those associated with the CashApp account with username "KINGMalachi Stanciel," from which, as described above, STANCIEL requested payment from OCE-1.

f. STANCIEL admitted that he is the only one who uses the CashApp account.

g. STANCIEL admitted to recently "scamming" someone online out of $20, which, as described above, matches the payment from OCE-1 to STANCIEL.

## IV. CONCLUSION

32. Based on the foregoing, I respectfully submit that there is probable cause to believe that, on or about October 7, 2026, MALACHI STANCIEL knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, and which image had been shipped and transported in and affecting interstate and foreign commerce by means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2)(A).

*Intentionally left blank*

FURTHER AFFIANT SAYETH NOT.

Kinsey Russell

KINSEY RUSSELL
Special Agent, Federal Bureau of Investigation

SWORN TO AND AFFIRMED by telephone October 15, 2026.

Honorable KERI HOLLEB HOTALING
United States Magistrate Judge